WHEELER *v.* WILKINS.

## Daniel Wheeler v. Perry Wilkins.

*Case made.* The practice of resorting to "case made" is quite as appropriate as that by writ of error, to review the action of a Circuit Judge.

*Case made: how certified.* Since the statute has confined "cases made," to law ques. tions, less strictness is required in the form of certifying them, than when they could also be used for the review of facts.

*Return by Deputy Sheriff.* A return to a writ may be signed by a Deputy Sheriff in his own name.—*Callender v. Olcott,* 1 *Mich. 344.*

*Bond in Replevin: Taken by Deputy Sheriff.* A Bond in Replevin running to a Deputy Sheriff in his own name is a substantial compliance with the statute.

*Appearance to defective process.* A general appearance by a defendant, pending a rule granting the plaintiff leave to amend, is not a waiver of the defect sought to be amended.

*Service of Summons: Delivering copy to defendant's wife.* The return of a service of summons in replevin upon a defendant "by delivering a certified copy of said writ to his wife personally," it not appearing that the defendant could not be found, and that the service was at his dwelling, is bad.

*Discontinuance in Replevin: Election: Assessment: Damages: Notice.* When a plaintiff suffers a discontinuance; the defendant must elect whether he will claim or waive a return; and the election must be entered before proceeding to the assessment of damages; of which assessment the notice required by the statute must be given.

*Heard July 9.   Decided July 12.*

Case made from Cass Circuit.

This was an action of Replevin brought by Daniel Wheeler against Perry Wilkins. The writ was executed by the Sheriff's Deputy who returns—"I delivered the goods and chattels so replevied to the said Daniel Wheeler, he having first executed to the Deputy Sheriff of said County the required bond under the statute with Nathan Phillips and Levi Henderson of said County securities and I do also further return that on the 22nd day of June aforesaid according to the command of said writ, I summoned the within named Perry Wilkins by delivering a certified copy of said writ to his wife personally."

"J. A. FULLER, *Deputy Sheriff.*"

At the next term of the Court (in July) Muzzy and Knox for defendant move that said replevin suit be dismissed for the following reasons, to wit:

1st. Because the writ of replevin issued in this case, has not been served by the Sheriff of said Court.

WHEELER v. WILKINS.

2nd.  There was no bond given to the Sheriff.

3d.  Because the service of said writ was illegal and void.  Upon hearing the motion to dismiss, the Court ordered that it be granted and the writ quashed, unless the plaintiff shall within ten days cause the return to be amended.  Four days later the defendant's attorneys give a general notice of retainer in the cause.  Subsequently, the plaintiff filed and served a declaration.  The return to the writ was not amended nor was any plea put in by the defendant.  At the September term, after hearing the parties, the Court granted a motion to non-suit the plaintiff for non compliance with the order to amend the return, and, at the subsequent term without a demand or waiver of a return of the property, and without notice to the plaintiff, proceeded to assess the defendant's damages for which judgment was rendered; which judgment is brought to this Court for review.

*Edward Bacon*, for plaintiff.

*F. Muzzy*, for defendant.

CAMPBELL, J.

This cause is brought up on case made after judgment for damages in favor of a defendant in replevin, the plaintiff having had judgment of discontinuance rendered against him.

It is objected that the case is not properly authenticated, and that the remedy is not adapted to review the judgment.

The return is very slovenly and requires some indulgence to give it a very satisfactory standing.  But we think it appears unmistakably to have been intended for a case made.  It is certified to have been settled and signed by the Judge, and as we must assume his official acts to have

some meaning, there is no other instrument with which it can be made to correspond. Before the law was repealed which provided for making cases to review facts, as well as law, a fuller certificate was necessary to define the character of any such document, but now, when only law questions can be reached by them, there is less need of extreme strictness. And while good practice requires more fulness of description, we can by intendment recognize this as a statutory case. The clerk's certificate is so folded as to appear in the middle, instead of at the end, of the papers but we have no doubt he intended to designate the proper documents for review.

It is claimed, however, on the strength of *Hollister v. Beeson 11 Mich. R., 193* that the judgment cannot be brought up in this way. The cases are distinguishable. There nothing had been passed upon by the Judge, as the judgment was on a Clerk's assessment, and the chief reliance was on a motion to set aside the judgment, which could not come up on error at all. The language of Judge Manning in that cause was somewhat broader than was necessary but he points out the distinction between judgments which have involved the personal action of the Judge, and those which have not been based upon his personal intervention.

In the present case the action complained of was all had by the Circuit Judge himself and we think the practice of resorting to case made quite as appropriate as that by writ of error.

The proceedings on the part of the plaintiff in replevin were, (July 20, 1868), ordered to be quashed unless plaintiff within ten days should cause the return to the Writ to be amended, and execute a new bond. The return showed personal service on defendant's wife, without stating that the defendant could not be found or that the service was

at his dwelling. It was signed by the Deputy Sheriff in his own name and the bond ran to the Deputy.

So far as the signature to the return is concerned, it is valid within the principle of *Callender v. Olcott, 1 Mich. R., 344.* And we think the Bond a compliance with the Statute, *2 C. L. 5,014.* But the return showed no reason why service on the wife should be held valid, and it was therefore insufficient. The application for leave to amend the return was made by plaintiff, but he never procured the amendment.

Pending the interval within which the order to quash was defeasible by such amendment, defendant appeared by attorney by giving notice of retainer. After the time had expired for amendment plaintiff declared. Defendant did not plead, but moved for judgment of non-suit, which was granted.

Thus far there is no error. The appearance entered during the pendency of an order to amend the return can only be regarded as put in subject to such amendment, and when plaintiff made default in that, it would be improper to treat the appearance as a waiver of what was practically a subsequent, and not a prior defect.

Upon quashing the proceedings, an order was entered that the cause "stand for assessment of damages." No notice was given of the assessment and no judgment or waiver of return was entered, but the Court at a subsequent term, and without further proceedings, heard evidence and assessed the damages for detention.

The damages were made up of a per diem allowance for the value of the use of the team replevied for the period of detention, and also of compensation for time and money expended in hunting up another team, and for depreciation in the value of the team while detained.

Upon such a discontinuance against plaintiff, defendant was bound to elect whether to claim or waive a return,

and the asssessment of damages could only be made when there was on the record some distinct claim in one form or the other to base it upon.— *C. L.* §*5,037–8.* The statute also requires notice of the assessment, and it was irregular to proceed without it. Had such a notice been given, plaintiff could have brought up in a regular way the objections to the items allowed for damages which are not now properly before us.

We think all the proceedings subsequent to the order of dismissal were irregular. The judgment must be reversed with costs, and the cause must be remanded to the Court below to be proceeded in according to law.

The other Justices concurred.