the Court refused the motion. Afterwards, and upon the evidence before the jury, the Court affirmed the order of the Judge of Probate. The parties consented that the evidence need not be retaken. *Held*, That the Court should have empanneled a new jury, the case involving issues of fact, as well as of law.

The order of the Circuit Court affirming that of the Probate Judge, was reversed with costs and a new trial ordered.

---

## THE PEOPLE *vs.* JOHR.

The Court will take judicial notice as to who is Deputy Auditor General; and his endorsement on a County Treasurer's bond of the words, " Official bond of H. Johr, County Treasurer of St. Clair County, to the Auditor General, 1865 and 1866. $20,000. Recorded and filed May 30, 1865. S. D. Bingham, Deputy Auditor General," will be held as an acceptance and approval by the Auditor General.

A County Treasurer neglected to have his bond approved by certain officers indicated by statute. On a suit on the bond in behalf of the People, to recover the proceeds of sales for delinquent taxes, *Held*, That the Treasurer, who on the faith of the bond was allowed to make the sales and secure the money, and his sureties, could not afterwards be heard to make the objection that the bond executed by them and accepted by the Auditor General, was not approved by the officers required by statute. The additional precautions provided were intended solely for the benefit of the State, not at all for the benefit of the defendant or his sureties.

Error to St. Clair Circuit.

*Opinion by* CHRISTIANCY, J.—This was an action of debt brought in the name of the people against Johr and his sureties, on a bond given by Johr, as County Treasurer of St. Clair County, to the Auditor General, conditioned for accounting for all moneys paid to him for sales of lands for taxes at the annual tax sales in said county. The declaration alleges the non-payment of $7,490 88 received for the sales of 1866. It was admitted that he had that amount in his possession November 2, 1866.

The bond appears to have been approved by one Circuit Court Commissioner of said county, and this approval only was alleged in the declaration. There was no approval by the Prosecuting Attorney or other commissioner, nor was there any ex-

press approval by the Auditor General upon the bond, but it contained the following endorsement: " Official bond of H. Johr, Treasurer of St. Clair County, to the Auditor General, 1865 and 1866. $20,000. Recorded and filed May 30, 1865.— S. D. Bingam, Deuputy Auditor General."

On the trial the bond was first admitted, subject to objection. Defendant then offered to show that Johr had been robbed of the money, which offer was rejected by the Court — The bond was then; excluded on the ground that it was not executed and and approved according to the statute. It was therefore held that the action could not be maintained, and this is the main question on the appeal.

It was, however, first held that, so far as the purposes of this suit went, it must be considered that the bond had been delivered. It would be fair to presume that, as the statute requires it before the County Treasurer sells lands, and this Treasurer did undoubtedly sell. Besides, defendant did not file any affidavit denying the execution of the bond, according to Rule 79 of the Circuit Court. Further, it was held that the Court would take judicial notice that S. D. Bingham was Deputy Auditor General and that his endorsement had the same validity as if signed by the Auditor General himself. It also shows an approval and acceptance by the Auditor General himself.

It was admitted by the Court for the purposes of the case that, unless the bond could be treated as a statute bond, it should have been declared on in the name of the obligee, not in that of the People. It was further considered that the Auditor General might have refused the bond without the approval of the officers above mentioned, and have ordered some person other than the County Treasurer, to make the sales; as between the County Treasurer and the People, it was probably his duty so to do.

It was, however, held that the Treasurer, who on the faith of the bond was allowed to make the sales and secure the money, and his sureties, could not afterwards be heard to make the objection that the bond executed by them and accepted by the Auditor General, was not approved by the officers required by statute. The additional precautions provided were intended solely for the benefit of the State, not at all for the benefit of the defendant or his sureties.

Judge Christiancy examined the authorities upon the question and found that all sustained this view of the case, except an ill considered case in 6 *Georgia.* The bond was therefore ordered to be treated as a statute bond, the judgment of the Court below was reversed and a new trial ordered.