## James D. Earle and another v. The Westchester Fire Insurance Company.

*Case made : Practice : Evidence.* On case made after judgment on a trial and findings by the court, where it appears that evidence bearing on the turning point of the merits, and adapted to influence the findings in respect to a vital part, was improperly admitted against objection, the judgment will be reversed and a new trial ordered.

*Case made : Practice : Questions of fact.* The office of a case made under our statute is no broader than that of a writ of error and bill of exceptions ; and it cannot be made available to secure a review of questions of fact.

*Case made : Practice : Evidence : Finding of facts.* Objections that there was no evidence tending to support certain specified findings will not authorize a review on case made of the conclusions of fact of the trial court upon ambiguous and conflicting oral testimony.

*Finding of facts: Declaration.* A statement in the finding of facts that the declaration averred the defendants to be a foreign corporation has no legal importance, and an exception to it as untrue raises no question of law; the pleading cannot be changed by thus imputing to it something it has not.

*Finding of facts: Incorporation: Immaterial matter.* Under a declaration charging the defendants as a foreign company doing business in this state, without averring whether they were incorporated or not, where the making of the contract counted upon, and the fact that they were a foreign company doing business here, are in effect admitted on the trial, and the right to recover is in no way made to hinge at all upon the fact of incorporation, a finding that the defendants were a foreign *corporation*, though unsupported by any evidence, is immaterial.

*Practice: Formal proofs: Waiver: Concessions.* Where parties have seen fit to waive formal proofs, and to confine the controversy to the vital points in the case, and this course has been fairly pursued through the whole trial, objections which do not go clearly beyond the scope of such concessions and waiver, will not be considered.

*Heard May 7. Decided July 8.*

Case made from Kent Circuit.

*Norris, Blair & Kingsley,* for plaintiffs.

*Joslin & Kennedy,* for defendant.

GRAVES, CH. J.

In the case on writ of error, of the Sun Insurance Company against these plaintiffs, which was argued with this cause, the policy sued on in this action, and some of the facts connected with it, were alluded to. The present record is made up differently, though some of the points are the same. In this instance we have a case made after judgment for the plaintiffs on a trial and finding by the court. The case contains the pleadings, so much of the evidence as was deemed material for a disposition of the questions of law agitated, two exceptions against rulings on questions of evidence, several points of law presented in the nature of requests to charge, twenty propositions specified as findings of fact, and three as findings of law. Following these are several exceptions to various propositions returned as findings of fact, and they mostly object that the propositions excepted to were not warranted by any evidence conducing to prove them. The different conclusions of law

are then excepted to, and next the judgment itself is excepted to, on the ground that the findings do not support it, and; finally, on the ground that there was no evidence in the case tending to support it.

The policy in this cause contained the same clause, relating to additional insurance, as that in the Sun policy, and the same positions were taken in regard to it by the respective parties, and on substantially the same facts. Indeed, the evidence was for the most part exactly the same. The rulings on evidence corresponded with those made in the other suit, and we have here repeated the exception concerning the admission of the letter, and without any essential variation in the circumstances.

The evidence afforded by the letter, as decided in the other case, was improperly admitted, and as it bore on the turning point of the merits, it was adapted to influence the findings in respect to a vital part. The suit must therefore be tried again, since regularly it cannot be judicially known what the state of facts would have been or should be without that evidence. There is room for an essential alteration of the basis for the legal conclusion, and by law this basis is required to be settled in the court of original jurisdiction.

If the difficulty only concerned some one or more propositions so indeterminate or unimportant that if found either way the final deduction of law would not be affected, another course might be open. But the trouble is here that the improper evidence bore on the central fact.

One of the obvious consequences of this conclusion, that evidence conducing to the very essence of the finding was erroneously admitted, must be to preclude an opinion upon all points depending on the state of facts. We have now no finding of facts on the main part of the case based on legal evidence, and we cannot anticipate how the facts may be found hereafter on lawful proof. An attempt to decide upon a supposition of what may or may not be established on another trial would be dangerous speculation, and an

opinion on the facts, as already found on invalid evidence, would certainly be fruitless, and might be worse.

There is no probability that the point made on the objection to the question to Mr. Earle will arise in another trial as it appears here, and hence it is quite unnecessary to consider it.

There are some matters in the cause so bound up with practice as to invite some remark. And first as to the frame of the record. An inspection of it inclines one to feel that it was thought practicable to transfer to this court the whole litigation of law and fact, through the medium of a skillfully constructed case. If any idea of the kind had influence, and it is difficult to account for the plan of the record in any other way, it was a misapprehension. The office of a case made is certainly no broader than that of a writ of error and bill of exceptions, and perhaps the scope our statute at present gives to it will enable it to be carried no farther than to bring under review such actual rulings involving questions of law as might be presented by a bill of exceptions and writ of error.—*Comp. L.*, §§ *4947, 4964; Van Kleek v. Eggleston, 7 Mich., 512; Wheeler v. Wilkins. 19 Mich., 78.*

Some of the propositions set forth as specific findings of fact are mere repetitions of items of evidence adduced to prove an ultimate fact or premise. They plainly fall within the reasoning of *Trudo v. Anderson, 10 Mich., 357.* The thirteenth and sixteenth propositions are notably of this character.

A number of objections that there was no evidence tending to support certain specified findings, seem to have contemplated a right in this court to determine how the court below ought to have found upon ambiguous and conflicting oral testimony. We have no such power when reviewing cases at law. It is for the court of original jurisdiction, when sitting in place of a jury, or for the latter body, when the trial is before a jury, to pass upon credibility, to decide upon the meaning and construction of the oral proof, and

ascertain the proper implications and inferences, and if in this an error of fact is committed, it is not subject to review here.

The second proposition in the finding of facts expressly assumed that the declaration averred that the defendants were a foreign corporation, and following such assumption, it proceeded to state, as a fact found, that the averment was true. The first exception objects to this on two grounds: *First,* That the assumption is incorrect in point of fact; and, *second,* that no evidence was given tending to prove that defendants were a foreign *corporation.* This assumption as to what the declaration contained, whether true or not, has no legal importance, and no question of law arises upon an exception to it as untrue. The pleading cannot be changed by imputing to it in the finding of fact something it has not.

The declaration must continue in the main record to speak for itself. When a jury finds a special verdict, or a court finds specially, they are not required to find in point of fact that the pleadings in the cause contain, or do not contain particular allegations, and if they attempt it and introduce any thing of the kind, it is not germane, and cannot be made use of to formulate an issue in a court of review, upon the truth of the representation. The construction and interpretation of the pleading is matter of law for the court and by defined methods, and the pleading itself is to be appealed to, or the true record of it, when it is needful to know what it contains.

The materiality of the other branch of the exception is not perceived. The declaration charged the defendants as a *foreign company* doing business in this state, and set forth the contract alleged to have been made by them with the plaintiffs. It was not stated in terms whether they were incorporated or not. The defendants appeared and pleaded the general issue with notice of special matters. That they were a *foreign company* doing business in this state, and made the contract counted on, were facts not

controverted; indeed, they were in effect admitted. It was not claimed, and no point is presented by the record, that the right to recover depended on any distinction between an incorporated or unincorporated foreign company.

The substantial meaning of the finding. is, that the defendants were not only a foreign company doing business in this state, but an *incorporated* one. They would be none the less a foreign company doing business in this state because *incorporated*. Their identity would not be affected. Their status in the cause would not be chang-d. The only consequence, so far as this record shows, of the finding that they were an incorporated company, would be to afford greater particularity of description of the party sued than appeared in the earlier proceedings.

It sometimes occurs that parties tacitly, or otherwise, consent to waive formal proofs, and also all controversy upon unimportant matters or any matters not connected with the vital points in the case, and the course is one which deserves encouragement. Where such practice has been fairly pursued, the court will be disinclined to entertain objections not clearly beyond the scope of the concessions and waiver.

An examination of this record affords persuasive evidence that the cause was tried upon a tacit understanding that the only real contest concerned the position assumed by the plaintiffs to meet the defense founded on the clause against additional insurance. How far this giving to the litigation, by the parties, the specific shape and direction by which it has been actually marked, might be rightfully allowed to operate against the entertaining of particular points, happens to be now a matter of no practical importance.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.