SAMUEL L. KLINE v. GEORGE W. KLINE.

*Error—Want of evidence—Replevin—Waiver of return—Tenants-in-common—Possession.*

The party alleging error must establish it by the record; and if he claims that there is a want of evidence to sustain an instruction to the jury, he must show it, if the bill of exceptions does not purport to give the whole of the evidence, and especially if the trial judge, in charging the jury, stated, without objection, that there was such evidence.

Waiver of return in an action of replevin is not, in practice, required to be made before trial or in writing; and no entry of it need be made beyond the proper recital in the judgment.

Tenants-in-common of personal property are equally entitled to the possession and use of it; and where one of two persons owning chattels in common has mortgaged his share to the other he cannot maintain replevin therefor against the mortgagee, especially if he has made no offer to redeem.

Error to Cass. Submitted Oct. 11. Decided Oct. 31.

REPLEVIN. Plaintiff brings error. Affirmed.

*Warner J. Sampson* and *Lester A. Tabor* for appellant. Replevin is an action, the primary purpose of which is to recover specific chattels that have been wrongfully taken or detained: *Herdic v. Young* 55 Penn. St. 176; it is not especially to recover damages: *Ellis v. Culver* 2 Harr. 129; *Hart v. Fitzgerald* 2 Mass. 509; *Bruen v. Ogden* 6 Halst. 371; *Buckley v. Buckley* 12 Nev. 426; *Yates v. Fassett* 5 Den. 21; *Burr v. Daugherty* 21 Ark. 559; *Whitfield v. Whitfield* 40 Miss. 352; *Broadwater v. Darne* 10 Mo. 278; *Stevens v. Tuite* 104 Mass. 332; *Loomis v. Tyler* 4 Day 141; it is a proceeding in rem, in so far as it seeks the return of specific chattels: *Brown v. Smith* 1 N. H. 38; *Wheeler v. Train* 4 Pick. 168; *Sharp v. Whittenhall* 3 Hill 576; *Baldwin v. Cash* 7 W. & S. 425; and in personam only so far as the plaintiff seeks to recover damages for the detention:

*Ramsdell v. Buswell* 54 Me. 547; *Burr v. Daugherty* 21 Ark. 559; *Daggett v. Robins* 2 Blackf. 416; *Stevens v. Twite* 104 Mass. 332; in replevin at common law and under a plea of the general issue, defendant could not even show title to the property in himself: *Smith v. Snyder* 15 Wend. 326; *Miller v. Sleeper* 4 Cush. 370; *Ely v. Ehle* 3 Comst. 510; *Vickery v. Sherburne* 20 Me. 35; nor can defendant, under the general issue, claim damages, when judgment goes against plaintiff: *Douglass v. Garrett* 5 Wis. 88; nor can he claim return: *Underwood v. White* 45 Ill. 438.

*Howell & Carr* for appellee.  A mortgagee's possession is so related to foreclosure, and so nearly if not wholly a distinct mode of foreclosure, that after default it cannot be disturbed without payment or tender: *Van Brunt v. Wakelee* 11 Mich. 177; *Flanders v. Chamberlain* 24 Mich. 312; *Lucking v. Wesson* 25 Mich. 445; *Wakeman v. Barrows* 41 Mich. 363; *Kohl v. Lynn* 34 Mich. 360; *Sirrine v. Briggs* 31 Mich. 443; replevin for the whole property, or for the exclusive possession of property, will not lie by one co-tenant against another: *Wetherell v. Spencer* 3 Mich. 123; *Kindy v. Green* 32 Mich. 310; *Bray v. Bray* 30 Mich. 479.

GRAVES, C. J.   In September, 1881, the plaintiff replevied from the defendant a steam saw-mill, and the property was received by the plaintiff.   April, 1882, the cause was tried and the jury found that there was no unlawful detention, and that defendant was owner of one undivided half and plaintiff general owner of the other, and that the value of each half was $500.   They also found that defendant had a special lien by chattel mortgage on the plaintiff's half to the amount of $593.04 and that defendant had sustained damages on account of the detention to the amount of six cents.

On this finding it was adjudged that the plaintiff take nothing by his suit; and after reciting that defendant waived return and prayed judgment for the value of his undivided half as found by the jury and also for the amount of his special lien by chattel mortgage on the other half to

the extent of the value of such half as likewise found by the jury, it was further adjudged that the defendant recover the sum of $1000, being the value so found. The plaintiff seeks a revision of the case on writ of error and bill of exceptions.

It is objected that it does not appear that any evidence was given of the value of the property. But it is the plaintiff who alleges error and it rests with him to establish it by the record. It was for him to show that such evidence was in fact wanting. The record does not prove that no such evidence was given, and hence it does not support the objection. That testimony was adduced which is not incorporated in the case is plainly implied. The bill of exceptions does not assume to state the whole. Moreover the trial judge stated substantially in his charge, when he submitted the question of value, that there was evidence on the subject, and no exception was taken. Neither was there any request or suggestion from the plaintiff in regard to it.

It is also objected that it appears from the record that no waiver of return was made until after the trial; and an argument is offered to make out that a waiver of return in order to be efficacious must be expressed by a formal writing placed on file or entered of record in advance of the trial. The argument is not sustained by the course of practice. The defendant has never been required to make and declare his election prior to the trial in such a case. The law supposes that the party may not be able to exercise the right consistently with the principle which underlies it until the arrival of the trial, where one is had, and the practice has always given until that time; and it is equally well settled that no entry or writing is necessary beyond a proper recital in the judgment. But in this case there is something more. In the plaintiff's own bill of exceptions it appears from the judge's charge that the defendant had previously waived a return and elected to take judgment for the value and no exception was taken nor any correction of the statement suggested.

The parties were originally common tenants of the prop-

erty and equally entitled to the possession and to the use of it. This conclusively appeared. The plaintiff then mortgaged his share or half to the defendant, who subsequently attempted to foreclose. But the proceedings for that purpose are to be now considered invalid because the circuit judge so ruled in compliance with the plaintiff's contention. The parties were consequently tenants in common, whilst at the same time the defendant was mortgagee of the plaintiff's interest. Such was the position when the suit was commenced.

In view of those facts,which are to be taken as true, I fail to discover any error of which the plaintiff is in a position to complain. The charge must be viewed as a whole. The jury were required to find the value of the interest of each of the parties, and did so, and the result is embodied in the judgment. Some parts of the requests made by plaintiff were not compatible with the real state of facts, and the claim of a right in plaintiff to recover the property subject to the mortgage in case of its being found that defendant took the property under the mortgage prior to any default and held on without valid foreclosure and against demand of possession by the plaintiff, was not tenable.

It was admitted on the trial that the plaintiff's right to the possession was based on his title and dependent on his ownership, and so long as the tenancy in common continued and without any redemption by the plaintiff or offer to redeem from the mortgage it was not competent for him to oust the defendant and recover the chattels by replevin. It is not unlikely that the plaintiff, in pursuing the remedy by replevin, and in carrying the action on as he has, may have allowed rights to slip away which might have been saved by other methods. Be this as it may it is not the province of this Court to enter into such considerations.

I am unable to discover any ground on the facts and exceptions in the record for reversal at the instance of the plaintiff, and I am therefore of opinion that the judgment should be affirmed with costs.

The other Justices concurred.