THOMAS J. WESTBROOK v. ALBERT MILLER ET AL.

*Tax-deeds—Signature by deputy—Practical Construction.*

1. The deputy Auditor General may sign a tax-deed in his own name when his superior is sick or necessarily absent. How. Stat. § 283. And the presumption in favor of official action applies in the absence of any direct showing that the Auditor General was absent or sick.

2. Judicial notice is taken that the statute authorizing the deputy Auditor General to act in his principal's stead has long been construed in the Auditor General's office, as authorizing him to act in his own name when the circumstances arise which enable him to act at all.

---

3. The construction placed by an executive department upon a statute affecting the performance of its duties is not lightly to be questioned, especially when it has become established by long usage and relates to matters of form only. But practical construction must not be allowed to defeat the manifest purpose of the statute.

Error to Bay. (Green, J.) Jan. 16.—Jan. 28.

TROVER. Plaintiff brings error. Reversed.

*Avery Brothers* and *William T. Mitchell* for appellant. All reasonable presumptions must be indulged in favor of official regularity: *Yelverton v. Steel* 36 Mich. 62; in the absence of anything to the contrary the officer will be presumed to have done his duty: *Crane v. Hardy* 1 Mich. 58; *Wood v. Thomas* 38 Mich. 686.

*Luther Beckwith* for appellees.

COOLEY, C. J. This is an action of trespass quare clausum. Upon the trial the validity of a tax deed[1] was brought in

---

[1] This indenture, made the ninth day of February, in the year of our Lord one thousand eight hundred and eighty-three, between Hubert R. Pratt, deputy Auditor General of the State of Michigan, of the first part, and John M. Hoffman, of Port Huron, Michigan, of the second part: witnesseth, That whereas, in pursuance of the provisions of law, the said party of the second part did, on the ninth day of February, A. D. 1883, become the purchaser of the rights of the state in and to the following described lands, situate in the county of Bay, in said state, which were bid off to the State for taxes assessed thereon in the years 1872, 1873, 1876, 1877, 1878, 1879 and 1880, to wit, north half of southwest quarter section thirty-three, town nineteen north, of range four east, containing eighty acres, more or less; and whereas, the said party of the second part obtained certificates from the Auditor General for the purchase of the above-described lands according to law, and paid to the State treasurer, upon such certificate, the sum of fifty-six dollars and forty-six cents, being the amount of purchase money thereof as provided by law, which certificates have been presented and surrendered to the said Auditor General.

Now, therefore, this indenture witnesseth: That the said Hubert R. Pratt, deputy Auditor General of the said State of Michigan, in the name of the people of said State, and by virtue of the authority vested in him by the laws thereof, in consideration of the premises, and the payment of the purchase money above mentioned, the receipt whereof is hereby confessed and acknowledged, does, by these presents, remise, release and quitclaim unto the said John M. Hoffman, party of the second part, and to his heirs and assigns forever, all the rights acquired by the State in virtue of the original sale or sales to the State in the premises above described, subject to all taxes duly assessed thereon.

In testimony whereof, the said Hubert R. Pratt, deputy Auditor General as aforesaid, has hereunto set his hand and seal the day and year first above written.                    HUBERT R. PRATT,
    [Signed]        Deputy Auditor General of the State of Michigan.
(Duly witnessed and acknowledged.)

question, and the circuit judge ruled that it was invalid. The only question raised on the record in this Court concerns the correctness of this ruling.

The reason for holding the deed invalid was that it was executed by the deputy Auditor General in his own name, when if executed by him at all it should have been executed in the name of his principal.

The statute provides that "the Auditor General may appoint a deputy, for whose acts he shall be responsible, and may revoke such appointment at pleasure ; and such deputy may execute the duties of the office during the sickness or necessary absence of the Auditor General." How. Stat. § 283. It is one of the duties of the Auditor General to execute deeds to carry into effect sales of State tax lands. Pub. Acts 1881, p. 272.

A similar statute respecting the powers and duties of the deputy Auditor General has been in existence in this State for many years, and we may take judicial notice that it has been construed in the office of the Auditor General as authorizing the deputy to act in his own name when the circumstances exist which authorize him to act at all. A great many deeds have been executed in this manner, and other acts done which are open to question on the same ground. The case is therefore one upon which it is probable that large interests depend.

If the question were entirely new, and were presented as a question as to the most proper and correct method of executing the duty by the deputy, we should say unhesitatingly that the proper method would be for the deputy to perform the act in the name of his principal. But this is matter of form rather than that of substance, and the rights neither of the State nor of any individual are greater or less because of one form being adopted rather than the other. The objection to a deed executed as this is, even if valid, is purely technical, and if sustained it must be upon grounds that in no way affect the merits.

A similar objection to the acts of other deputies has been several times made in this State. In *Calender v. Olcott* 1

Mich. 344, a deputy county clerk had issued in his own name a writ of summons. The statute empowered the deputy, in the absence of the clerk from his office or from the court, to perform all the duties of the office; and this was held sufficient authority for him to act in his own name. In *Wheeler v. Wilkins* 19 Mich. 78, a return by a deputy-sheriff in his own name was held, on the authority of *Calender v. Olcott*, to be sufficient. *People v. Johr* 22 Mich. 461, raised the question whether the indorsement and recording of a county treasurer's bond by the deputy Auditor General was sufficient; and the court dispose of it shortly by saying: "As to the indorsement of S. D. Bingham, deputy Auditor General, he being a State officer known to the law, we are bound to take judicial notice that he was such officer, and the indorsement or certificate by him has the same force and validity as if signed by the Auditor General himself. This shows an approval and acceptance by the Auditor General." p. 464.

These cases would seem to settle the question now raised. They are all decided upon statutes which under specified circumstances give to deputies the power to perform the duties pertaining to the office of their principals, and a decision under one statute is authority for a like decision under any other.

But if as a new question the practice were one of doubtful validity, yet having continued for many years under a construction of the statute by the proper executive department of the government and affecting, as has been said, matter of form only, it ought not now to be disturbed or called in question. The practical construction of the statute has done no mischief, and it should now be accepted as correct.

When, in the performance of executive duties, it becomes necessary for the executive department to construe a statute, great deference is always due to its judgment; and the obligation is increased by the lapse of considerable time before its acts are called in question. This has been several times held by the Federal Supreme Court, and by the subordinate courts of the Federal system, and a reference to a few of the cases will be sufficient to show the current of decision.

*M'Keen v. Delancy* 5 Cr. 22; *Surgett v. Lapice* 8 How. 48, 71; *Bissell v. Penrose* 8 How. 317; *Union Insurance Co. v. Hoge* 21 How. 35, 66; *United States v. Gilmore* 8 Wall. 330; *United States v. Pugh* 99 U. S. 265, 269; *United States v. Lytle* 5 McL. 9; *Hahn v. United States* 14 Ct. Cl. 305; *Swift v. United States* 14 Ct. Cl. 481. It was also held by this Court in the case of *Malonny v. Mahar* 1 Mich. 26, where the question was whether a deputy county treasurer had authority to administer a certain oath in the place of his principal, and also in the subsequent case of *Britton v. Ferry* 14 Mich. 53. The case of *Continental Improvement Co. v. Phelps* 47 Mich. 299, 303, rests in part on the same principle. The cases in other states which hold the same doctrine are too numerous for citation, but as they all rest upon the inconvenience that would arise from unsettling what in good faith has been done in the necessary discharge of public duty, many citations would only serve to show the frequency in which the occasions for the application of the principle arose. As we have recognized and acted upon the principle heretofore, we may well leave this case to rest upon our previous decisions.

The rule which favors the acceptance of a practical construction of statutes has its limits, and must not be suffered to defeat the manifest purpose of the legislation. *Matter of Manhattan Savings Institution* 82 N. Y. 142. But in this case the practical construction gives effect to the legislative intent; nothing but the form of doing so being called in question.

It is objected that it does not appear in this case that the circumstances existed which authorized the deputy to act; namely, that the Auditor General was sick or necessarily absent. This objection, if available here, would have been equally so in *People v. Johr* 22 Mich. 461, in which the presumption in favor of the correctness of official action was held to support the act done.

A new trial must be ordered.

The other Justices concurred.