JAMES H. BAKER v. POLICE COMMISSIONERS OF PORT HURON.

| 62 | 327 |
| 102 | 409 |

*Charter of Port Huron—Sec. 10, chap., 2, requiring that appointees of common council be selected by majority vote of all members elect—Applies to police commissioners.*

Chapter 2, § 10, of the charter of Port Huron, requiring that all officers appointed by the common council shall be appointed by a *majority* vote of all the members *elect*, applies to the police commissioners of said city.

Mandamus. Heard June 29, 1886. Denied July 1, 1886. The facts are stated in the opinion.

*E. G. Stevenson,* for relator.

*S. W. Vance,* for respondent.

CAMPBELL, C. J. Relator was nominated by the mayor of Port Huron as police commissioner to the common council, and rejected. Subsequently the council, at a meeting held by 11 members out of 12, voted upon his nomination again, and he obtained six votes, five votes being cast against him. This result was entered on the council journal as a rejection. At the next meeting of the council this minute was approved by a full board.

Relator then applied to be received by the police commissioners; and they, treating the action of the council, as that body seems to have treated it, as a rejection, refused to admit him, and he now asks a *mandamus* to compel them to do so.

The charter of Port Huron provides, by chapter 2, § 10, that all officers appointed by the common council shall be appointed by a majority of all the members elect. This section, which appears to have been regarded by the common council as governing all their appointments to executive offices, contains a provision that appointees shall hold office for terms of one year, and it is claimed by relator that it

does not apply to offices of longer tenure. The police commissioners are provided for by a subsequent chapter, under the general powers of the common council, by the charter of 1885, which required four to be appointed by the common council, upon the recommendation of the mayor, " for terms of one, two, three, and four years in the first instance, so that the full term should be four years, and a vacancy should occur annually." And the section (chapter 7, § 48) concludes as follows : " When so appointed, said commissioner shall qualify by taking the same official oath as other officers of said city."

There is room for some doubt as to the actual legislative design—if it is assumed there was any specific design—in separating these officers from the rest by mentioning them in another part of the charter. But this charter has been recast and amended a good many times, and such anomalies are frequent. We must look at the general purpose ; and, if we do so, it cannot be said there is any less reason for requiring these officers to receive a full majority vote than for officers of less importance.

No subject is more important than that of preserving the peace and good order of the city, and no persons should be more carefully chosen than those to whom that charge is intrusted. It is certain they are officers appointed by the common council, and, while there is some ground for difference of opinion, we think they may fairly be held to be intended to come within the purpose of the section requiring a majority of all the council to appoint them. Such seems to have been the practical construction put upon their powers by the members of the council ; and, if the Legislature should think it better to remove this safeguard against mischief, it can be done easily by clear enactment.

We therefore must decline the application, and refuse the writ.

The other Justices concurred.