## WILLIAM N. BROWN AND JOHN C. LEATON v. JOHN HORNING ET AL.

*Replevin—Nonsuit—Assessment of damages—Judgment for value—Evidence of election of defendant.*

1. An election by a defendant in replevin to take a judgment for the *value* of the property need not be in writing, but is sufficiently evidenced if incorporated in the judgment. *Kline v. Kline,* 49 Mich. 419.

2. An objection that a replevin case, in which plaintiff has submitted to a nonsuit, is not in a condition for the assessment of the value of the property, is waived if not made before the jury is sworn.

3. Where in a replevin suit the logs replevied have been manufactured into lumber, and the lumber sold, and a proper notice of assessment has been given (plaintiffs having submitted to a non-

suit), it is not error for the court to allow the defendants to make their election to take a judgment for the value of the logs after the jury is sworn, and before the taking of testimony.[1]

Error to Isabella. (Hart, J.) Submitted on briefs June 11, 1889. Decided October 18, 1889.

Replevin. Plaintiffs bring error. Affirmed. The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*Brown & Leaton* and *F. C. Wallington*, for appellants.

*E. D. Wheaton*, for defendants.

SHERWOOD, C. J. The writ of error in this case was brought to review the proceedings had upon an assessment of damages in the circuit court for the county of Isabella in a replevin case, wherein the plaintiffs replevied a quantity of basswood and oak logs then at Clute's mill, in the township of Vernon, in said county.

Plaintiffs, after taking the logs, had them sawed up into lumber, and sold the basswood lumber for $11 per thousand to Samuel Morrison, who shipped the same to Owosso, which was beyond the jurisdiction of the Isabella circuit.

The case came on for trial at the May term of said court, 1888, and, after a jury had been impaneled to try the case, plaintiffs voluntarily submitted to a nonsuit, and the court caused the following entry to be made in the case:

"The parties in this cause being in court ready for trial, whereupon the said plaintiffs now here voluntarily submit to become nonsuited, nor do they further prosecute their said suit against the said defendants, with leave to move to set the same aside on the first day of the next term of this court. Thereupon the court adjourned until 8 o'clock to-morrow morning."

---

[1] See *Soper v. Hawkins*, 56 Mich. 527, holding that, on discontinuance in a replevin suit appealed by the plaintiff from justice's court, an interlocutory judgment is not a condition precedent to the assessment of damages, etc.

At the succeeding term of the court the case was noticed for assessment of damages, and after the jury was sworn defendants elected to take the value of the property, and proofs were made of the same, and damages for detention, and judgment was rendered for the defendants for the sum of $103.30.

Several exceptions were taken by plaintiffs' counsel to the testimony offered for the purpose of proving the value of the property, but upon an inspection of the record we find them all without merit, and needing no further consideration.

It is claimed that before the jury were sworn there was no election of defendants to take the value of the property, and that it was error for the court to then allow the election to be made and entered of record, and the assessment thereafter to be made against the objection of plaintiffs' counsel.

If the case was not in a condition for assessment when notice of the same was given by defendants' counsel, the objection to it should have come before the jury were sworn, and it was too late after the jury were impaneled. There was no occasion for making any election in writing. The record of it is sufficient if it appears in the entry of judgment. *Kline v. Kline,* 49 Mich. 419 (13 N. W. Rep. 800).

In this case the plaintiffs knew there could be no occasion for taking a judgment for a return of the logs. They had themselves caused the logs to be manufactured into lumber and sold, and they had passed out of the jurisdiction of the court. They had received a proper notice of the assessment, and before the testimony was given they were informed of the election of the defendants, and the same was placed upon record. There has been no judgment upon the merits, and a second jury was properly summoned to make the assessment.

It is impossible to see how the plaintiffs' rights could be prejudiced by the action taken by the court, and under the circumstances we think the election was in time.

The cases relied upon by plaintiffs' counsel to sustain their

position are where no notice was given of the assessment, and are not applicable to the present case.[1]

We find no error in the rulings of the circuit judge, and the judgment must be affirmed.

The other Justices concurred.

3. In *such* a case the claim of the defendant that he stated to the plaintiff before the trade that he had never seen the land he proposed to convey, and tried to induce plaintiff to go and examine it and investigate as to its *value* and defendant's *title*, is properly submitted to the jury under the testimony, to be considered in determining the question whether plaintiff was *deceived* and *defrauded*, as is his further claim that his deed, the covenants in which were limited to his own acts, was read over to the plaintiff and accepted by her.

---

[1] *Wheeler v. Wilkins,* 19 Mich. 78; *Hill v. Webber,* 50 Id. 142.
    76 MICH.—35.