*In re* FOX.

PRISONS—OFFICERS—DEPUTY WARDEN—POWERS.
   The deputy warden of a prison has power, in the absence of the
      warden, to issue the warrant for retaking and returning a
      paroled convict to the prison for breach of his parole, as
      provided by the indeterminate sentence law of 1905 (Act
      No. 184).

Habeas corpus proceedings by John C. Fox to obtain
the release of George B. Fox from the Michigan reforma-
tory at Ionia.  Submitted December 4, 1906.  (Calendar
No. 22,000.)  Writ dismissed February 5, 1907.

*Edmund Atkinson* and *Frank W. Atkinson* (*Wil-
liam F. Atkinson*, of counsel), for petitioner.

*John E. Bird*, Attorney General (*George S. Law*, of
counsel), for respondent warden.

BLAIR, J.  George B. Fox is now detained in the
Michigan reformatory at Ionia.  He was sentenced by
the Honorable Alfred J. Murphy, then judge of the re-
corder's court for the city of Detroit, on the 30th day of
January, 1904, to be confined in the Michigan reforma-
tory for a term of not less than 9 months, nor more than
18 months, from that date.  On the first day of August,
1905, he was paroled by the advisory board of pardons,
and was released from said Michigan reformatory, sub-
ject to the conditions of said parole.  One year was fixed
by the advisory board in the matter of pardons after
August 1, 1905, for the said George B. Fox to remain on
parole, at which time he would be entitled to a full dis-
charge under section 11 of the indeterminate sentence act
(Act No. 184, Pub. Acts 1905).  On September 14, 1905,
said Fox was arrested in Wayne county by the sheriff of
said county and charged with attempting to commit lar-

ceny from the person. On September 27th a preliminary examination was had before Justice Lemkie, and Fox was bound over to the circuit court for trial. On September 30, 1905, A. T. Montgomery, a deputy warden of the Ionia prison, in the name of and in the absence of the warden, issued a warrant and sent it to Detroit, and on October 3, 1905, Fox was again imprisoned at Ionia, and has been detained there ever since.

The excuse for this imprisonment is given by the return, and is, in effect, that the deputy warden learned that Fox had been arrested in Detroit charged with an attempt to commit larceny from the person of a man at the State fair, and had been bound over to the circuit court for Wayne county for trial. On this information, the deputy warden decided that Fox had broken his parole and caused his arrest.

Petitioner claims that said detention is illegal:

"1. Because the maximum term of the sentence imposed upon said George B. Fox has expired.

"2. Because by virtue of the parole issued to him said Fox was entitled to his liberty, subject to the rules and regulations governing the conduct of prisoners on parole, and there is no record in any court of justice in this State, showing that said Fox has violated any of said conditions.

"3. Because more than one year has elapsed since the issuance of said parole, and by its terms said Fox was, at the end of a year from August 1, 1905, entitled to a full discharge if he shall have faithfully performed the conditions of said parole, and there is no record showing that said George B. Fox has not, so far as it has been in his power, faithfully performed said conditions.

"4. Because sections 8 and 9 of Act No. 184 of Public Acts of 1905, giving the warden the right to retake and confine a paroled prisoner without trial, are illegal and unconstitutional.

"5. Because, if said sections 8 and 9 are constitutional, the warden has not exercised the right.

"6. Because, if said sections are constitutional and the said Fox has been rearrested in compliance with the terms of section 8, the year has elapsed since the issuance of his parole, and he is now entitled to a final discharge."

Except as to the question of the authority of the deputy warden to issue the warrant for retaking and returning Fox, this case, so far as it merits consideration, is ruled by *In re Manaca,* 146 Mich. 697, and *People* v. *Cook,* ante, 127.

The act revising and consolidating the laws relative to the State prisons provides for the appointment of a deputy warden by the warden of the particular prison, subject to the approval of the board of control thereof. 1 Comp. Laws, § 2085. The deputy warden is declared to be an officer of the prison, and required to take and file the constitutional oath of office. Id. § 2083. Section 2086 provides that " each warden shall reside at the prison of which he shall have charge, * * * and he shall be in constant attendance at the prison, except when absent on some necessary duty or sick, in which case his duties during his absence or illness shall be performed by the deputy, and in no case shall the warden and deputy warden be absent from the prison at the same time," etc. The return to the writ shows that at the time of the execution of the warrant by the deputy warden the warden was absent, in which event the deputy was expressly authorized to act and was, for the time being, clothed with all the authority of the warden. *Westbrook* v. *Miller,* 56 Mich. 148.

The writ is dismissed, and the prisoner remanded.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.