## Edward A. Elliott and others v. George Miller.

A parol agreement, by a tax collector, to receive in payment of taxes a draft of his creditor upon himself, is not valid—our statute requiring the acceptance of a draft to be in writing.

But such tax collector, if the draft had been accepted by him, would have had no right to receive it in payment of taxes, since the taxes are due not to him, but to the public, and claims against him are not a legal tender for or offset against the taxes.

An agent of a tax collector having received in payment of taxes a draft upon the collector, and on the collector refusing to accept or allow the same, having paid over the amount of the tax himself, is a holder of the draft for value, and entitled to collect the amount from the parties thereto.

*Heard May 2d. Decided May 4th.*

Error to Wayne Circuit, where Miller brought action against plaintiffs in error as drawers and endorsers of a draft, of which the following is a copy:

"Thomas Anderson: Please pay to order of S. Griggs & Co., one hundred dollars, and charge to account of

ROWE & Co."

January 26, 1858.

(Endorsed) "S. GRIGGS & Co."

On the trial in the court below, before a jury, Nathan B. Carpenter was called as a witness for plaintiff, who testified that the draft was received by the witness, of the defendant Griggs, as so much money towards the payment of his, Griggs', city taxes; that the witness was acting in collecting taxes in the second ward of Detroit, as the agent, for this purpose only, of Thomas Anderson, the person on whom said draft is drawn, and who was a collector of taxes in said city: that witness received said draft or order, and some money, and gave Griggs a receipt signed

by Anderson therefor; that when witness paid Anderson the money he had collected for taxes, he presented the draft to Anderson, who refused to accept it or allow witness for it, and witness gave his own money for the draft; that when witness received the draft, Anderson was absent from Detroit, and he presented the draft within a day or two after he received it from Griggs: that on the same day the draft was presented to Anderson and acceptance refused, he notified the drawers and endorsers of the presentment and refusal, and that he looked to them for payment: that witness transferred the draft to plaintiff some months after its payment was refused; that witness saw Elliott and Griggs several times concerning the draft after Anderson refused acceptance, and they promised to see that Anderson accepted it, or pay it themselves. Witness collected taxes for Anderson on a commission of half the per centage allowed the collector, who held him responsible for all collections. He never asked or obtained Anderson's authority to take this draft from Griggs previous to receiving it, but took it reluctantly, on the assurance of Griggs that it should be all right.

The plaintiff having rested, the defendant Griggs was sworn as a witness on behalf of the other defendants, and testified that Carpenter, having the city tax roll of Detroit for the second ward, called on witness for his taxes, and witness not having within one hundred dollars of the amount sufficient to pay said taxes, applied to defendant Elliott, one of the firm of Rowe & Co., the drawers of said draft, for a loan of one hundred dollars; and he, Elliott, not having the money, told witness that he would give him an order on Anderson for the amount, to which witness replied, that he would see Anderson, and if Anderson would take it as money, witness would take the order; that thereupon he saw Anderson, and asked him if Rowe & Co.'s order for the amount would be the same as money; and Anderson told witness it would be right; that shortly after Carpenter cal-

led again for the taxes, and witness got this order of Rowe & Co., and endorsed it and handed it to Carpenter, who gave witness a receipt in full for the taxes; that Rowe & Co. charged the amount of draft to witness, and witness paid it: that witness saw Anderson three or four times after this, and he, Anderson, said nothing about it.

Defendant Elliott was also sworn as a witness for his co-defendants, and testified to the foregoing conversation substantially as stated by Griggs; and stated further that Anderson was indebted to Rowe & Co. in about four hundred dollars, for money loaned, at the date of said order.

Certain questions were put on behalf of defendants, to both Griggs and Elliott, with respect to the time of notice of non-payment of the draft, which were overruled by the court, and exception taken; but the questions arising thereon were not passed upon by this court.

The evidence being closed, the defendants asked the court to charge the jury as follows:

*First:* That if the jury believe that Anderson informed defendant Griggs that said draft would be allowed by him, for his, Griggs', taxes, and that said draft was drawn by Rowe & Co., and given by them to Griggs, and by him delivered to Carpenter, under this understanding with Anderson, the plaintiff can not recover.

*Second:* That if the jury believed that the draft was drawn, endorsed and delivered to Carpenter, in pursuance of Anderson's statement to Griggs, it operated as payment of the draft in question, and the plaintiff can not recover.

Both which requests were refused by the court, and exception taken.

*Holbrook & Bishop*, for plaintiffs in error.

*E. N. & O. B. Wilcox*, for defendant in error.

CAMPBELL J.:

It is claimed by the plaintiffs in error, that the agree-

ment testified to by Griggs, as made with Anderson, for the acceptance of Rowe & Co.'s draft, made the delivery of it to Carpenter, as Anderson's agent, equivalent to its payment, and that it then ceased to have any existence as a security.

The statutes of this state (*Comp. L. p.* 408) provide that "no person within this state shall be charged as an acceptor on a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent." Anderson's parol agreement therefore was not valid, and the draft, when it came into Carpenter's hands, was unaccepted, and subject to the rules of law applicable to such paper. We do not however recognize the right or duty of Carpenter to have received it in payment of taxes, had it been accepted. Taxes are due to the public, and not to the tax collector individually, and claims against him are not a legal tender for, or offset against, such charges.

It can not be claimed that Carpenter was not a holder for value of the draft. He received it in lieu of money, on the assurance of Griggs that it should be all right, and was obliged to pay the taxes to Anderson, in money, out of his own pocket. And he was subsequently recognized as its owner, by all the parties, and they promised to pay it unless Anderson should accept it himself. In view of the subsequent promise, the questions raised upon the refusal to allow Griggs and Elliott to testify when they were notified, become unimportant, and were waived by counsel.

There was no error in the judgment below, and it must be affirmed with costs.

The other Justices concurred.