SAWYER–GOODMAN CO. v. TOWNSHIP OF CRYSTAL FALLS.

*Taxes— Wild Lands— Valuation—Personal inspection— Uniformity—Highway labor.*

| 56 | 597 |
| 60 | 515 |
| 60 | 516 |
| 60 | 518 |
| 60 | 521 |
| 60 | 523 |
| 64 | 703 |

| 56 | 597 |
| 74 | 629 |

| 56 | 597 |
| 116 | 437 |
| 117 | 302 |

1. Assessing officers must inform themselves, as far as possible, of the true cash value of each parcel of land assessed, and must not assess non-residents differently from others. But where the extent and inaccessibility of wild land make personal inspection impossible in the time allowed, it will not be assumed that because the lands were to a great extent valued alike they were assessed unfairly.

2. The assessment of highway taxes for roads that are in contemplation but are not yet laid out is not necessarily illegal.

3. Whether a supervisor can have a fixed salary in lieu of his regular per diem compensation—Q. But it is not necessarily unlawful for a town board in fixing the annual tax to appropriate enough to cover his possible expenses.

Error to Marquette.    (Grant, J.)    April 29.—May 6.

ASSUMPSIT.    Plaintiff brings error.    Affirmed.

*F. O. Clark* for appellant, as to illegal methods of assessing, cited *Hersey v. Barron County Supervisors* 37 Wis. 80 ; *Marsh v. Supervisors* 42 Wis. 510 ; *Smith v. Cleveland* 17 Wis. 556 ; a levy may be excessive for imposing more for a lawful purpose than is admitted and the tax is then illegal : *Libby v. Burnham* 15 Mass. 144 ; *Worthen v. Badgett* 32 Ark. 504 ; *Hubbard v. Brainard* 35 Conn. 568 ; *First Society v. Hartford* 38 Conn. 274 ; 1 Desty on Taxation 464 : 2 id. 642 ; Cooley on Taxation 295 ; assessing in part for an illegal purpose vitiates the tax : *Lacey v. Davis* 4 Mich. 140 ; *Buell v. Irwin* 24 Mich. 145 ; *Wattles v. Lapeer* 40 Mich. 624 ; *Silsbee v. Stockle* 44 Mich. 561.

*Hayden & Young* and *George S. Hosmer* for appellee.

CAMPBELL, J. Plaintiff sued in the Marquette circuit to recover taxes paid under protest. Apart from some rulings on the sufficiency of the protest, which become unimportant, inasmuch as the judge found fully on the merits, the objections assigned concerning the validity of the taxes relate to the inequality of the assessments, and the illegality of the highway assessments. Some questions were argued on both sides as to the legality of raising town taxes for certain purposes named. There is some doubt how far these are included in the assignments of error, but as both parties so dealt with them, they will be referred to.

The principal objection to the assessment is that the supervisor did not exercise his personal judgment on the value of the specific parcels assessed, and that they were assessed otherwise than uniformly at their real value. It is not claimed, however, that this appears on the roll itself.

In our opinion the court below held correctly that no such case was made out. There is no doubt of the duty of every assessing officer to inform himself, as far as he can, of the value of each parcel assessed. It is equally clear, under the Constitution, that the valuations should be made upon the true cash value, and that lands of non-residents should not be assessed higher than similar lands of residents. This was stipulated as one of the conditions on which Michigan was admitted into the Union. How. Stat. p. 38.

But the condition of things may be such that a supervisor cannot possibly explore each parcel and determine its value from personal inspection. This town contained nine surveyed townships, each of six miles square, and in several of these the wilderness was nearly unbroken. The space included was more than half of an ordinary county. The time allowed between the spring election of supervisor and the period for completing the assessment was too short to render a personal inspection possible. It cannot be imagined that the Constitution contemplated that in such a state of things, much commoner in 1850 than now, the taxation should be omitted. This would be a dangerous and inad-

missible doctrine.    There was really no definite testimony
from persons having knowledge as to how the supervisor
proceeded.    There is no testimony going to show that plaint-
iff's land was over-assessed.    The only fact bearing at all on
the question of uniformity of estimates is the somewhat
vague assertion that wild lands were to a great extent val-
ued alike.    But all government and state lands are offered
for sale on a similar basis, and such a method is neither conclu-
sive nor very tangible proof of blind estimates.    Until the
country is opened for settlement, a great deal of land, if sold
at all, will be sold on average prices.

It is objected to the highway taxes that they were assessed
on a cash instead of a labor basis, and also that they were
invalid because raised in townships having no roads, while
the law, as claimed, requires all such taxes to be expended
in the surveyed township where they are levied.

So far as the labor question is concerned, the statutes
allow the electors of the township to vote to assess highway
taxes in money.    Highway Laws, ch. 4, §§ 1, 2 (How. Stat.
§§ 1354, 1355.)    We think the record in this case shows
such a vote to have been taken.    We are inclined to think
that the provision (§ 1362) which makes so much of chapters
2 and 3 as relates to the assessment and collection of high-
way taxes and the performance of labor in applicable, was not
intended to change section 14 of chapter 2, which confines
the expenditure of money as well as labor to the same sur-
veyed township where it is raised.    But as the record stands
this point does not seem material.    There is nothing in the
record to show that there were not roads in the towns where
plaintiff's lands lie.    And if there were not, there is nothing
to show any improper action.    It is always presumable that
highway levies are based on estimates of what will probably
be needed.    It is quite possible for new towns to be laid out
with few or no roads.    But nothing is more necessary than
their speedy extension, and it is no doubt customary, as it
is prudent, to prepare for them in advance in the levies.
Unless it appears there was some departure from fair deal-
ing, we cannot presume it.    It is unfortunately true that

fraudulent highway taxes have been raised in some cases where neither needed nor intended for honest road-building. But no such facts are shown here as would justify us in regarding these taxes as improper.

The only other objection presented by the assignments is that the town tax is excessive. The electors did not vote the necessary taxes, and the town board voted $3000. They also voted the following compensations, viz: $600 for the supervisor; $300 for town clerk, and health officer $100. The item for supervisor is the only one complained of. It is very questionable whether there can be any fixed salary to the supervisor in lieu of his regular compensation. But it seems to have been understood that the purpose of the board was merely to fix that sum as the estimated amount required as a maximum, and at any rate the proper authorities would be compelled to follow the law on that subject. It cannot be said that there is no way in which he can become entitled to so large an amount. There is no likelihood that his per diem allowances would exhaust it, but there are cases where he may be called on to render services and incur expenses, which are to be audited by the town board. How. Stat. § 775. In a township covering so much ground, and requiring so much oversight, where in examining lands the supervisor may have to travel a good deal, and employ assistance for many purposes, it is at least possible that the estimate is reasonable. And although the gross estimate for town purposes seems large for a new town, there was nothing shown by way of proof to invalidate it.

Upon the whole case we can only see that the plaintiff has shown some facts which, standing alone, have no damaging significance. The circuit judge held that the testimony made out no cause of action, and we agree with him.

The judgment should be affirmed.

The other Justices concurred.