JAMES D. TURNBULL v. THE TOWNSHIP OF ALPENA.

*Taxes—Payment by note—Protest—Highway tax.*

1. A township treasurer has no authority to receive the note of a tax-payer in payment of his taxes, nor will the township be bound by such action on his part, but their collection may be enforced at any time during the life of the treasurer's warrant.

   So *held*, where a town treasurer accepted the note of a tax-payer for taxes which he claimed to pay under protest, and in a suit to recover the same the Court held that the money must be *actually paid* at the time the protest is made.

2. Act. No. 57, Laws of 1885, authorizing the electors of a township to determine the amount of highway tax to be assessed in each *surveyed* township for a given year, is substantially complied with where the electors of a township containing *several surveyed* townships of land determine to assess the same percentage of tax upon the taxable property of the township *at large*, there being no evidence showing that the moneys so raised in each surveyed township were not expended therein as required by law.

3. The failure of the commissioner of highways to estimate and report the amount of labor to be voted and money raised for highway purposes, as required by Act No. 57, Laws of 1885, will not deprive the electors of the right to vote upon that question under said act.

Error to Alpena. (Kelley, J.) Argued January 25, 1889. Decided April 24, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Shields & McNamara,* for appellant.

*Frank Emerick (Turnbull & Dafoe,* of counsel), for plaintiff.

[The points of counsel are stated in the opinion.— REPORTER.]

LONG, J. Plaintiff brought this action of *assumpsit* against the defendant township to recover certain moneys claimed to have been paid by him as taxes under protest. The tax was paid February 24, 1888, to release his property from a claimed levy made by the treasurer of defendant under the authority of a warrant attached to his tax roll for the year 1887.

Upon the trial plaintiff claimed as one ground of recovery that the personal property, consisting of pine logs and cedar posts and ties, assessed to him upon said roll at a valuation of $17,000, was not legally assessable in defendant township at all, but upon this point the court below held against the plaintiff, so that this question does not become material in the present case. Upon the evidence in the case, all of which is returned in the record, the court below held that plaintiff was entitled to recover the amount assessed for highway tax, $201, and the school tax, $353.25, making an aggregate, with interest, of $570.87, and for this sum verdict and judgment passed for plaintiff. Defendant brings the case here by writ of error.

Upon the trial the plaintiff was produced as a witness in his own behalf. On his direct examination he testified to the payment of the tax to the township treasurer under protest. Upon being cross-examined by defendant's counsel he was asked:

"*Q.* You paid a portion of the tax that day in money, and gave your note for the balance, did you not?

"*A.* I don't know how I paid it. I paid it satisfactorily to him. I may have given him a note due on demand. I don't know. I may have told him that he better not take all the money, and carry it around with him, but to leave the money there until he wanted it. I may have fixed it in that way, but whatever I did was satisfactory to him, and he took it in payment.

"*Q.* Is it not true that you told him that day that your situation was such that you didn't want to pay him the entire amount, but wanted to give your note for $500, and that he took it?

"*A.* I don't know; he may have taken his pay in that way.

"*Q.* Is it not true that in the course of a month afterwards you paid him $200 upon the note, and there is a balance of $300 due upon it yet?

"*A.* Whatever there is, of course, if there is anything, due him, if you want to offset it in this case I am perfectly willing to offset it. I think probably I may have given him a note or check."

Defendant's counsel then called Frank Lacomb, who testified that he was the treasurer of the defendant township for the year 1887, and was still treasurer; that he heard the testimony of the plaintiff given in the case. Witness was then asked by defendant's counsel:

"*Q.* I wish you would state how that tax was paid,— in what way."

This was objected to for the reason that it was not competent for the treasurer to contradict his own receipt, which was then in evidence. Counsel for defendant then stated to the court:

"My purpose is, and I now offer to show, at the time this receipt was given that the treasurer applied to Mr. Turnbull for the payment of his taxes; that Mr. Turnbull in payment of that tax gave the treasurer a note signed by himself, and payable to the treasurer individually, for the sum of $500; and that, as a matter of fact, only $300 in money was paid, and that the treasurer still holds that note, bearing on the back of it an indorsement of $200 paid; that the balance of $300 still remains unpaid;

and that this note was given by Mr. Turnbull as payment for this tax."

This was objected to by counsel for plaintiff, for the reason that it would be incompetent for the witness to contradict his own receipt, and that the township is bound by the act of the treasurer in accepting the note or check of Mr. Turnbull, and cannot now say in this proceeding but what the tax has been satisfied by the action of its agent and treasurer.

"*By the Court.* I shall hold that the giving of the receipt and the settlement of the levy and the tax are conclusive against the township."

The witness, Mr. Lacomb, township treasurer, says that at the time he gave his receipt to Mr. Turnbull he had not made any levy, and that he had never made a levy.

"I might have told him that I was going to make a levy, but I had not seized or attached."

The plaintiff upon the trial offered to allow defendant to set off any note or check which the defendant or its treasurer might have of plaintiff's, but such set-off was not accepted.

Counsel for the defendant asked the court to charge the jury upon this part of the case as follows:

"The tax not having all been actually paid, but the collector taking the plaintiff's note therefor, plaintiff cannot recover for the amount of the note not paid."

This the court refused, but directed a verdict for the amount of the highway and school taxes, with interest.

The theory of the right of plaintiff to recover the tax is that a payment of an illegal tax had been made under protest, and that such payment was involuntary; in other words, that the township had demanded through its officer, the township treasurer, a tax which was wholly void, and which the township had no right to demand or have; and that the plaintiff, in order to avoid and prevent his

property being seized and taken from him by such officer for such void tax, had been compelled to pay, and did pay, the same under protest. The defendant offered to prove that when the receipt for the taxes was given by the treasurer, instead of a payment being made in money, a note of $500 was given by plaintiff to the treasurer. This was equivalent to almost the entire amount of the tax now in controversy, the whole amount of taxes in controversy, exclusive of interest, being $554.25, so that in fact the only money paid upon this tax at the time the receipt was given was $54.25. It is true, other moneys were paid at the same time, but they must be presumed to have been intended as a payment upon taxes which are conceded to be valid.

We think if the plaintiff was entitled to recover at all in the case he could only recover the $54.25, with interest from the time of its payment. The note cannot be treated as a payment of this tax. The treasurer had no right or authority to take the note of the plaintiff in payment of his taxes, and the defendant township could not be bound by such action. Taxes are due to the public, and not to the tax collector individually. Parties in paying their taxes are bound to know that the tax collector, though the agent of his township, has no authority as such agent to accept anything in payment of taxes to the public except money, such orders as are drawn upon him by the proper authorities, or orders that are properly receivable as taxes. His warrant directs him to collect from the persons named in the tax roll the amount of taxes chargeable to each person thereon, and directs how the moneys are to be applied and accounted for by him. The rights and interests of the public are to be guarded and protected. The very existence of the government might be endangered if its public revenues

74 MICH.—40.

could thus be bartered away by its tax gatherers. The giving of a note is not the payment of a tax, and it could not be said, under the facts here shown, at the time the protest was made under which the plaintiff claims to recover as for an involuntary payment of an invalid tax, that any payment had been made beyond the $54.25.

The money must actually be paid at the time the protest is made. If any other rule should be adopted, then the treasurer might take the note of each person appearing upon his tax roll, payable at a time beyond the life of the roll, and the only remedy the township would have would be an action upon these notes, or to look to the bond of the township treasurer. The giving of a note cannot relieve the party from his tax, and, although a note is given, the public would have the right to the enforcement of the collection of the tax, by levy and sale under the terms of the warrant attached to the roll, at any time within the life of the warrant. The collector has no power to exempt the party from its payment, and all persons are bound at their peril to know the power and authority of such a public officer.

It appears before this suit was commenced the warrant annexed to this roll had expired, and payment of the tax could not be enforced under it; at least, there is no showing in the record that the time for collection of taxes thereon had ever been extended. The fact that $200 was afterwards paid on the note does not aid the plaintiff's case, or that he offered on the trial to allow the balance due on the note to be set off by the defendant on any claim which might be found his due. His right to recover at the time the suit was commenced depended upon the facts—

1. That the treasurer was armed with a tax roll, with

proper warrant attached, and demanded the payment of a tax appearing on the roll as assessed against him, and had levied or threatened to levy the same upon his property unless the same was paid. ·

2. That he paid the same under protest, to relieve his property from the levy or threatened levy.

3. That the tax was void, and the township had no legal right to demand or have it.

These facts must all concur and all exist at the time of the commencement of this suit. Here, at least, one element is wanting. No payment had been made at the time he made his protest, nor at the time of the commencement of the suit, except the $54.25. He had no right of action, then, for the balance, and the court was in error in refusing to hear the proofs offered, and refusing the instruction to the jury.

In *Doran v. Phillips*, 47 Mich. 229 (10 N. W. Rep. 350), it appears that Phillips, the sheriff of Genesee county, having in his hands the liquor assessment roll on which Doran was charged with a liquor tax for $150, took from him a note of $152.20, signed jointly with Hughes, payable four months after date, in payment of the tax. This note, with the consent of the village board, was accepted from the parties, and came into the hands of the village authorities in the ordinary course from the county officers, in lieu of cash. In a suit on the note in the name of Phillips for the use of the village, the defense of illegality was set up, and it was held by this Court, after a full argument of the case by learned counsel, that the arrangement made by Phillips, although with the concurrence of the village authorities to whom the money belonged when collected from such taxes, was so far in violation of public policy that the note was void, and no recovery could be had. See, also, *Elliott v. Miller*, 8 Mich. 132.

From the view we take of this case, it now becomes

necessary to consider the claims made by the plaintiff regarding the highway and school taxes. Counsel for plaintiff says in his brief, in reference to the claim of irregularity of the highway taxes:

"The only action taken by any authority or body whatever, for the purpose of raising money for highway purposes for the year in question, was the two following resolutions passed by the electors of said township at the annual township meeting held April 4, 1887, to wit:

"'Resolved, that the amount of highway labor to be assessed in the township for the ensuing year shall be one-half day upon each one hundred dollars valuation for the present year.'

"'Also resolved, that a money tax be levied of fifty cents upon each one hundred dollars of valuation, according to the assessment roll for the last preceding year, upon the taxable property of the township of Alpena, for highway purposes during the ensuing year.'"

It appeared from the records of the defendant township that the township board took no action in reference to raising highway taxes, and passed no resolution in reference thereto; that the only action, resolution, or record in reference to highway taxes for 1887 upon the records of the defendant is that above stated. It is therefore claimed that the only basis of authority for the assessment of highway taxes for that year was the above resolutions of the annual township meeting. Counsel for the plaintiff says, however, that it may be admitted that, prior to the year 1885, the action taken at said meeting would have been ample and singularly clear and regular to confer all power necessary to raise money to the extent voted for highway purposes.

Prior to the year 1885, the highway law, chap. 2, § 14 (How. Stat. § 1338), required that—

"All highway labor and all money tax assessed and collected within any township for highway purposes shall be expended within the limits of the surveyed township in which the same may be assessed."

In *Sawyer-Goodman Co. v. Crystal Falls,* 56 Mich. 597 (23 N. W. Rep. 334), this Court held that under this provision it would not presume in such a case that the money would not be expended in the town in which it was assessed. Thereafter Act No. 57, Laws of 1885, was passed, providing that the commissioner should estimate and report to the township board, who should present the same to the next annual township meeting, the amount of labor to be voted and money to be raised for the ensuing year in each surveyed township, and that the electors at such meeting should determine the amount of highway labor and money tax to be raised, levied, and collected in each *surveyed* township; that in case the electors omitted to take such action the commissioner might assess, within the statutory limit, such highway labor as he deemed necessary, and the township board might do the same thing as to the money tax, in each surveyed township; that all money so raised should be so expended and so accounted for.

The township consisted of and embraced six full-surveyed townships and two fractional townships. The electors followed the old law, and made no distinction by surveyed townships, and the township board took no action. For these reasons counsel for the plaintiff claims the highway taxes are void.

The tax receipt and the tax roll show that Mr. Turnbull was only called upon to pay, and only did pay, one-half day and 50 cents upon each $100 of valuation, and there is nothing in this record to show that his tax was not expended in the township where his property was, and where it was assessed. If the money was expended where it would have been had Mr. Turnbull personally supervised and dictated each step in the tax levy, and made the proceedings absolutely regular and in exact accordance with the statute, then he could not recover

this tax, as he could not recover by simply showing some irregularity which did him no harm. The law of 1885 was substantially complied with. All the property within the organized township of Alpena was assessed at the uniform amount and rate of one-half day's work and 50 cents in money upon each $100 of valuation. This, of course, did apply to and cover each of the surveyed townships as fully as if each had been named. The disposition of the tax was quite another matter, and one that Mr. Turnbull does not complain of.

In *Sawyer-Goodman Co. v. Crystal Falls*, 56 Mich. 597, in answer to an objection that highway taxes were invalid, because raised in townships having no roads, while the law required all such taxes to be expended in the surveyed townships where they were levied, it was said:

"As the record stands this point does not seem material. There is nothing in the record to show that there were not roads in the towns where the plaintiff's lands lie; and, if there were not, there is nothing to show any improper action.   *   *   *   Unless it appears there was some departure from fair dealing, we cannot presume it."

The language of the tax law is that—

"No tax assessed upon any property, or sale therefor, shall be held invalid on account of any irregularity in any assessment,   *   *   or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding, that does not prejudice the rights of the person whose property is taxed; and all proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed to be legal until the contrary is affirmatively shown." Section 89, Act No. 153, Laws of 1885.

The Laws of 1885, p. 56, § 3, cited by counsel for plaintiff, contained this proviso:

"That if the statement required by this and the last preceding section be not presented to the annual town-

ship meeting, such meeting may vote on the amount of highway labor and money tax to be assessed within the limits contemplated by said sections, and actions thereon shall be as valid for all purposes as if such statement had been presented."

This proviso is the same as in the law in force prior to this statute of 1885, and clearly gives the annual township meeting by a majority of the electors present and voting the power to determine the amount of highway labor to be assessed in each of said surveyed townships within the limit of subdivision 4 of section 2,—that is, one-half day's labor upon each $100 valuation; and also to determine the amount of money tax to be assessed within the limit prescribed by subdivision 5 of said section 2,—that is, the sum of 50 cents upon each $100 of valuation; and the sums may be voted by the electors at said meeting, though the commissioner of highways has entirely failed to make a report as provided in section 2 of the act, and the township board have failed to lay such statement before the township meeting. Section 4 of the act makes provision for this tax if the electors neglect or refuse to vote the amount. The highway commissioner in such case, by section 4, is empowered to assess one-half day's labor upon each $100 valuation, and the township board, upon such neglect or refusal of the township meeting to vote the money tax, may order such sum levied as they may deem necessary in each surveyed township. We think the action of the township meeting, by the resolution adopted there, was a sufficient authorization for the raising of these moneys. There is no evidence in the case showing that the moneys raised in each surveyed township were not expended therein just as the statute requires, and we must presume that the township officers did their duty in that regard.

This highway tax for which recovery was directed by

the court below amounts to the sum $201. Under the circumstances shown here, there is no such irregularity as would entitle the plaintiff to recover for the highway tax. This would more than wipe out the $54.25 moneys paid by the plaintiff to the township treasurer under protest, for what is claimed on an invalid tax. This being so, the plaintiff had no right of recovery for any amount, and we need not discuss the question of the school taxes raised by plaintiff's counsel in his brief.

The verdict and judgment of the court below must be reversed and set aside, and judgment entered in this Court for defendant for costs of both courts.

MORSE and CAMPBELL, JJ., concurred.

SHERWOOD, C. J., and CHAMPLIN, J., did not sit.