111   559
123   274
123   276

CITY OF MUSKEGON *v.* SODERBERG.

TAXES — COUNTY AND TOWNSHIP TREASURERS — ADJUSTMENT OF ACCOUNTS.

.  Under section 87 of Act No. 154, Pub. Acts 1895, providing that the county treasurer shall render to the several townships quarterly statements of account between the county and the township, and shall pay over "all moneys" shown by such statement to be due the township, the treasurer has no right to deduct from the amount found to be due an amount due to the county for delinquent personal taxes, for the collection of which he has issued his warrant to the township treasurer.

*Certiorari* to Muskegon; Russell, J.   Submitted January 5, 1897.   Decided February 2, 1897.

*Mandamus* by the city of Muskegon to compel Samuel A. Soderberg, county treasurer, to pay over certain real-estate taxes collected by him for the city.   From an order granting the writ, respondent brings *certiorari.* Affirmed.

*H. L. Delano,* for relator.

*Macdonald & Marr,* for respondent.

LONG, C. J.   At the quarter ending April 30, 1896, the respondent, as county treasurer, had in his hands the sum of $3,255.26 for delinquent real-estate taxes collected by him for the year 1895; and on May 6, 1896, he paid over to the city treasurer said amount, less $1,569.18.   He claimed the right to retain this amount, for the reason that he had issued his warrant to the city treasurer to collect certain delinquent personal State taxes for the year 1895, amounting to $526.89, delinquent personal county taxes of 1895, of $785.15, delinquent personal county road taxes of 1895, of $257.14.   He settled with the city treas-

urer on that basis, by deducting the sum of $1,569.18. The city thereafter made demand upon the county treasurer for the payment of the money so deducted. This being refused, the city made application to the circuit court of Muskegon county for a *mandamus* to compel the payment. The county treasurer made return to the order to show cause, and, after the hearing, the court directed the issuance of the writ to compel the payment. The case comes to this court by writ of *certiorari.*

The contention of the respondent is that he had the right to set off the amount of the personal taxes against the amount which he owed as county treasurer to the city. It is not disputed but that he collected the amount of money charged, and that that amount belonged to the city, and was payable at the quarter ending April 30, 1896. Attached to the return of the county treasurer made in the court below is the affidavit of his deputy, showing that the city treasurer admitted to him that he had collected a portion of these personal taxes, but what amount had been collected is not stated; but, however that may be, we think that fact cannot affect the rights of the parties in the present proceeding. The county treasurer having in his hands an amount of money which it is conceded belonged to the city treasurer on April 30, 1896, it was his duty to pay the same over to the city treasurer; and he had no right to set off against it these personal taxes for which he had issued his warrant to the city treasurer to collect. Section 87, Act No. 154, Pub. Acts 1895, among other things, provides:

"The county treasurer of each county shall, on or before the first days of February, May, August, and November in each year, make out a statement of the account between the county and the several townships, and render the same to the township treasurer, and pay all moneys shown by such statement so rendered to be due the township to the proper receiving officer of the township, and notify the township clerk of the items and total amount thereof.   *   *   *   The township clerks shall

charge such amounts to the township treasurers on the books of their respective offices."

We think, therefore, that it was the duty of the county treasurer of Muskegon county to pay over to the city treasurer the total amount found due the city by such statement, and that he had no legal right or authority to deduct from it the amount which he claimed was due the county for delinquent personal taxes. It is true that the collection of these delinquent personal taxes rested with the city treasurer, but they were to be collected by him upon the warrant issued by the county treasurer. That warrant had been issued, and, so far as shown by this record, was still in the hands of the city treasurer.

The order made by the circuit judge will be affirmed.

The other Justices concurred.