CITY OF MUSKEGON *v.* COUNTY OF MUSKEGON.

TAXATION—DELINQUENT PERSONAL TAX—TOWNSHIP LIABILITY.
  Cities and townships are liable for the entire amount of State
  and county taxes levied on personal property therein, whether
  or not it is collected of the persons from whom it is due.

Error to Muskegon; Russell, J.  Submitted October 5,
1899.  Decided March 13, 1900.

*Assumpsit* to recover uncollected personal State and
county taxes paid by plaintiff.  From a judgment for
plaintiff on verdict directed by the court, defendant brings
error.  Reversed.

*Arthur Jones*, for appellant.

*C. W. Sessions*, for appellee.

MOORE, J.  The various city treasurers of the city of
Muskegon paid to the treasurer of Muskegon county the
uncollected personal State and county taxes for the years
1883 to 1890, inclusive.  The amount of the uncollected
personal State and county taxes due from the city of
Muskegon for the years 1891 to 1894, inclusive, was de-
ducted by the county treasurer from the delinquent city
and school taxes which he had collected during those
years, at the settlements had between him and the city
treasurer, and receipts were passed between them therefor.
The county treasurer paid from the amount so collected
the portion due the State, to the State authorities, and was
duly credited therefor.  To collect the amount so paid, the
plaintiff sued the defendant, and by direction of the court
a verdict of upwards of $13,000 was rendered in favor of
the plaintiff.

The primary question in the case is, May the various
cities and townships of the State refuse to pay the State

and county taxes assessed against personal property until the amount thereof has been collected of the persons from whom it is due? It is conceded by the counsel for the city that, prior to the enactment of the tax law of 1882, the city or township treasurer was required to pay to the county treasurer the full amount of the tax levy upon personal property, whether it had been collected or not, but it is claimed that a change was made in that respect in 1882. His views, as expressed in his brief, are as follows:

"A review of all the provisions of the various tax laws, and a comparison of the earlier with the later, clearly establish the fact that in 1882 the legislature adopted an entirely new plan and theory of debits, credits, accountings, payments, and settlements by and between the county and township and the county and State, and the plan then adopted has been steadily pursued and followed in the later enactments. Under the earlier laws the county was to be charged with the entire levy for State taxes, and the township, in turn, with the entire levy for State and county taxes, and then and thereby a debt was created. By the later laws no such charge is authorized, and no indebtedness exists. Under the earlier laws the taxpayer owed no debt to the township, at least until after the township had paid the county and State for their shares of the claim. By the later laws the debt for the taxes upon both real and personal property becomes fixed, as against the taxpayer, as soon as the taxes are spread. Under the earlier laws the State became the absolute owner of all lands sold and bid off to the State for nonpayment of taxes. By the later laws such lands are bid off in the name of the State, for the State, county, and township, in proportion to the taxes due to each. Under the earlier laws the township treasurer was required to pay to the county treasurer the full tax levy for State and county purposes, either in cash or delinquent taxes upon real estate. By the later laws he is required to pay only such sums of money as he collects. The condition of the township treasurer's bond in the later laws is changed to correspond to the change concerning the amounts of money to be paid by him. Under the earlier laws the township treasurer made no returns to the county treasurer of delinquent taxes upon personal property, and received no voucher therefor. By the later laws delinquent

123 MICH.—18.

taxes upon personal property are returned in the same manner as delinquent taxes upon real property, and both returns become vouchers. Under the earlier laws the debit of the tax levy was balanced by the credit for the delinquent and rejected taxes upon real estate and money paid. By the later laws the debit of moneys collected is balanced by the credits for moneys paid. Finally, in harmony with the whole plan of the later laws, 'the accounts between the State, county, and each township shall be adjusted on the basis of crediting and paying to each the taxes collected by and for each.'"

He urges that this view is sustained in *City of Muskegon* v. *Soderberg*, 111 Mich. 559 (69 N. W. 1116). Counsel cites the following language from section 52, Act No. 206, Pub. Acts 1893, "In case the township treasurer shall not collect the full amount of taxes required by his warrant to be paid into the township treasury, such portion thereof as he shall collect shall be retained by him, to be paid out for the following purposes " ( the statute naming only township, highway, and school purposes), and asks, "How can a township treasurer obey this statute, and at the same time pay any part of the money so collected to the county treasurer, to make up the deficit in the personal State or county taxes?" A reference to section 59, Act No. 169, Laws 1869, shows that the language of the two sections is identical, so that the question would apply with equal force to the earlier statute.

It is urged that section 89 of the law of 1893 indicates that the delinquent personal tax shall be collected by the township treasurer, and paid to the township, county, and State in proportion to their several rights therein, while section 87 of the same law provides, "The accounts between the State, the county, and each township shall be adjusted on the basis of crediting and paying to each the taxes collected by and for each, with the interest thereon," and that the provisions indicate clearly that the State and county have no claim against the city or township until the personal tax is collected. If these provisions of the law stood alone, this argument would have a good deal of

force, but the law must be construed as an entirety. It provides for the return of delinquent taxes on real estate, and for the collection thereof by the county treasurer and the auditor general. As to the uncollected real-estate taxes, the tax remains a lien upon the land, and, in case it is not paid, the land may be sold by the auditor general for the taxes, charges, and liabilities; but there is no officer who can collect the taxes levied against personal property, except the city or township officer. The taxes against personal property, by reason of section 40 of the tax law of 1893, become at once a debt to the township from the person against whom they are assessed, and a suit at law may be maintained to collect them. *Township of Bangor* v. *Smith Transp. Co.*, 112 Mich. 601 (71 N. W. 143).

If the claim of the city is sustained, it is difficult to see how the collection of the taxes levied against personal property due the county and the State can be enforced by the county and State if the city or township officers are derelict in their duty. For 30 years or more the various city and township treasurers have paid over to the county treasurers the delinquent personal taxes, and the portion due the State has been paid over to it by the several county treasurers. So far as we know, the plaintiff in this case is the only municipality which has claimed the right to withhold delinquent taxes levied against personal property until they were collected. If it was intended by the law of 1882 to make so radical a departure as is here contended for, the legislature was not apt in expressing itself, and the various officers whose duty it is to administer the law have been slow to discover the change. If the language of the statute clearly indicated a purpose to change the policy of the State in the manner of collecting the delinquent personal tax, the statute must control, but, in a doubtful case, the practical construction of the statute which has obtained in the department having charge of the enforcement of the statute ought to have great weight. *Westbrook* v. *Miller*, 56 Mich. 151 (22 N. W. 256);

*Attorney General* v. *Glaser*, 102 Mich. 409 ( 61 N. W, 648 ).

The case of *City of Muskegon* v. *Soderberg, supra*, was a *mandamus* case. It is stated in the opinion in that case that it was conceded that the money in the hands of the county treasurer belonged to the city treasurer, so that the concession which was made accounts for the opinion which was rendered in that case.

Attached to the plea of the defendant was a notice of setoff, in which it was sought to recover for the delinquent personal taxes for the years 1895 to 1897, inclusive, amounting, with the interest thereon, as shown by the testimony, to the sum of $2,239.97, for which amount the circuit judge was requested to direct a verdict in favor of defendant. What we have already said in disposing of the claim of the city against the county disposes of this item. The court below should have directed a verdict for this amount in favor of defendant.

The judgment of the court below is reversed, and a new trial ordered.

The other Justices concurred.