CITY OF SAULT STE. MARIE *v.* HOTTEN.

MANDAMUS—ISSUES—SET-OFF.

Mandamus was properly allowed to compel the Chippewa county treasurer to pay over to the city treasurer of Sault Ste. Marie an admitted balance due to the city, although respondent claimed a set-off was due from said city to Chippewa county for certain checks of a taxpayer transferred upon a previous settlement with the city on which payment was refused by the drawee; the issues of diligence, notice of dishonor and sufficiency of presentment should not be tried in the mandamus proceeding.

Certiorari to Chippewa; Shepherd, J., presiding. Submitted June 4, 1912. (Calendar No. 24,861.) Decided July 11, 1912.

Mandamus by the city of Sault Ste. Marie against Michael S. Hotten, Chippewa county treasurer, to compel respondent to pay relator a balance due for taxes received. An order granting the writ is reviewed by respondent on certiorari.    Affirmed.

*F. T. McDonald*, for relator.

*M. M. Larmonth*, for respondent.

BIRD, J.    This is an application for a writ of mandamus to compel respondent to pay over certain moneys due it upon the quarterly settlement of April 1, 1911. The writ was granted by the trial court, and the respondent now asks this court to review it upon certiorari.

In pursuance of the statute (1 Comp. Laws, § 3910, 1 How. Stat. [2d Ed.] § 1857), the respondent, as treasurer of the county of Chippewa, rendered a statement showing the amount due relator on April 1, 1911, from the collection of delinquent taxes. He refused to pay it to the relator as he is enjoined by the statute because of a set-off which he claims the county has against the city for certain taxes collected in the year 1905. In April of that year, the city treasurer, in his settlement with the county treasurer, turned in two checks of one Victor E. Metzger, amounting to $4,066.70, and was given a receipt in full for State and county taxes. The checks were retained by the county treasurer until the summer of 1906, when they were canceled and returned to the maker, and one check was taken in lieu thereof for the aggregate amount less the accrued interest. This check was retained in respondent's office until January, 1911, without being collected. It is alleged that several attempts have been made to collect it, but without success.

The position of the respondent is that his predecessor in office had no right to accept from the city treasurer anything but money in the payment of taxes, and, as checks were accepted by him which were never honored, the amount of the checks still remains a debt due from the

city. It is clear from the allegations of relator and the admission of respondent that the county is indebted to the city on the April, 1911, statement in the sum of $5,374.61. So far the legal right is clear. When we get beyond this, into the question of the allowance of the set-off, it is not so clear. The city treasurer had a right to accept the checks for taxes, but, if the same were not honored, it would not amount to payment. Act No. 228, Pub. Acts, 1899. Whether the respondent acted with diligence after accepting the checks, whether he presented them for payment within a reasonable time, and whether relator was given the proper notice of the dishonor of the checks, are questions which ought not to be gone into on this record. As the record shows without dispute that the respondent is indebted to the relator in the sum of $5,374.61, we think the writ should issue as prayed, and the question of set-off be left to be determined in an appropriate action where the facts can be fully disclosed and considered. *City of Muskegon* v. *Soderberg*, 111 Mich. 559 (69 N. W. 1116). Had an action in assumpsit been brought by relator, the whole controversy could have been disposed of as was done in *City of Muskegon* v. *County of Muskegon*, 123 Mich. 272 (82 N. W. 131).

The order of the trial court is affirmed. No costs will be allowed in this court.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR, J., did not sit.