## CITY NAT. BANK OF EL PASO et al. v. CITY OF EL PASO, TEX.

(Circuit Court of Appeals, Fifth Circuit. December 21, 1925.)

No. 4635.

Municipal corporations ⬡976—Tax collector's acceptance of bank's check for taxes held not payment of taxes.

Where city tax collector, prohibited by charter from accepting anything but money in payment of taxes, pursuant to request of bank, deposited in it all checks drawn on it, including one of its own cashier's checks given in payment of its own taxes, and bank failed before any deposit was withdrawn by collector, *held*, there had been no payment of the bank's taxes.

Appeal from the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Suit by the City of El Paso, Tex., against the City National Bank of El Paso and another. Judgment for plaintiff, and defendants appeals. Affirmed.

A. H. Culwell, of El Paso, Tex. (Turney, Burges, Culwell, Holliday & Pollard, of El Paso, Tex., on the brief), for appellants.

Walter H. Scott and J. W. Morrow, both of El Paso, Tex. (Armstrong & Morrow, of El Paso, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit by the city of El Paso to recover judgment for taxes, and to enforce its tax lien, against the City National Bank and its receiver. The defense is that the taxes were paid to the city tax collector by cashier's check, which the collector deposited in the bank, and for the amount of which he received credit on the bank's books.

The facts were agreed upon. The bank owed the city $8,130.40 for ad valorem taxes due prior to April 1, 1924. On April 4, at the bank's request, the city tax collector agreed that he would not deposit in other banks such checks and drafts drawn on the City National as were delivered to him in payment of city taxes, and that he would deposit all checks drawn on the City National in that bank and receive credit therefor. At that time the tax collector did not have an account or deposit in the City National, nor did he have one until April 30, at which time he deposited to his credit checks for taxes drawn on the City National, aggregating over $34,000, and received credit therefor.

On May 1 the City National issued and

delivered to the collector its cashier's check for the amount of taxes due by it to the city, and on May 3 the collector deposited that check and received credit therefor on the bank's books. On May 6, and before any deposit was withdrawn by the collector, the bank failed. The city charter provides that all ad valorem taxes due the city are payable only in money or current funds of the United States, and makes it the duty of the collector at the end of every week to pay all money collected by him to the city treasurer.

The District Judge held that the facts did not show payment. We concur in this view. The bank was bound to take notice that the city charter prohibited acceptance of anything but money in the payment of taxes. Under the bank's arrangement with the collector, the check of its cashier was not an unconditional order for payment, because it had been agreed that payment thereof would not be demanded. The case is not to be considered as though the collector had received in money the amount represented by the check, and then had deposited the money to his credit, because it was agreed that he would not do that. The substance of the agreement was that the collector would accept credit for the taxes which the bank owed. The city was not bound, because the tax collector did not receive money, but only held the bank's obligation to pay. Figures v. State (Tex. Civ. App.) 99 S. W. 412; Barnard v. Mercer, 54 Kan. 630, 39 P. 182; Turnbull v. Township of Alpena, 74 Mich. 621, 42 N. W. 114; Brown v. State Bank, 139 Iowa, 83, 117 N. W. 289. In support of a contrary view, cases are cited which hold that, in a suit by the sovereign against its collecting agent for taxes or public funds collected by him, it is no defense that such agent did not receive actual money, but instead accepted the credit of the taxpayer. These cases proceed upon the theory that whatever the collecting agent accepts as money is to be treated as money. Among them is Montgomery County v. Cochran, 121 F. 17, 57 C. C. A. 261, decided by this court. If the suit here were against the collector, the cases relied on by appellants would be in point. But the taxing power has the right at its option to repudiate the unauthorized act of its agent, and to proceed directly against the taxpayer or the property upon which it has a lien. Miltenberger v. Cooke, 18 Wall. 421, 21 L. Ed. 864.

Appellants also rely on Watson v. El Paso County (Tex. Civ. App.) 202 S. W. 126, and City of El Paso v. Two Republics Life Insurance Co. (Tex. Civ. App.) 278 S. W. 231. Both cases were decided by the same Court of Civil Appeals of Texas. In the first, the tax collector delivered his check to the county treasurer, and the treasurer deposited it in a bank which was the county depository. The collector was held not liable on the ground that the amount of the check came into the custody and control of the county; but it was distinctly recognized that the treasurer had no authority to receive from the collector anything but money, and that the collector would have been liable, if the money represented by the check had never come into the custody and control of the county. The opinion in that case tends strongly to support the right of the city to recover in this case. City of El Paso v. Two Republics Life Insurance Company arises out of the same facts as are here presented, except that the check of the insurance company, instead of the bank's check, was deposited and credited on the bank's books to the tax collector. Whether the difference in the facts is important or not is a question that is not now before us.

The judgment is affirmed.