C. N. RAY CORPORATION v. WILLIAMS.

1. TAXATION—PAYING TAXES BY CHECK—BURDEN OF PROOF.
   Where city treasurer deposited check received for taxes and received credit therefor on bank's books, there being more than enough in drawer's checking account to pay it, treasurer has burden of showing that he was thereafter justified in repaying it to the bank when it applied entire sum on drawer's account to payment of debt to it.

2. SAME—WHEN CHECK IS PAID—STATUTES.
   Where check given for taxes was deposited in bank by city treasurer, credited to his account, and charged to drawer's account, in which there was sufficient funds to pay it, it was paid (1 Comp. Laws 1929, § 339).

3. Same—Equity—Reinstating Tax Lien After Payment.
  Where landowner gave check to lessee to pay taxes, and latter deposited it in bank and gave check to city treasurer to pay taxes, it would be unjust to allow bank to apply proceeds to debt owing to it by lessee after it had credited treasurer's account with amount thereof and charged it to lessee's account, and thus reinstate tax lien.
  Potter, J., dissenting.

Appeal from Wayne; Covert (Frank L.), J., presiding. Submitted June 12, 1931. (Docket No. 135, Calendar No. 35,748.) Decided October 5, 1931.

Bill by C. N. Ray Corporation, a Michigan corporation, against Charles L. Williams, treasurer of the city of Detroit, to enjoin sale of land for taxes. Decree for plaintiff. Defendant appeals. Affirmed.

*Bryant, Lincoln, Miller & Bevan,* for plaintiff.

*Walter Barlow* (*Clarence E. Wilcox,* of counsel), for defendant.

Sharpe, J. On August 14, 1928, the United Fuel & Supply Company gave to defendant, city treasurer of Detroit, its check drawn on the People's Wayne County Bank for $3,688.29 in payment of city taxes assessed to and on property owned by the plaintiff. The defendant indorsed the check and deposited it in the above-named bank, in which he kept an account as city treasurer, and on the same day issued and sent to the plaintiff his official receipt therefor. The check was charged to the account of the fuel and supply company, and credited to defendant's account. The fuel and supply company had a balance in its checking account in the bank at the close of business on that day of more than $100,000. The bank, however, at that time held obligations of the company, secured by collateral

but not then due, of more than $1,000,000. On August 15th the bank officials had a conference with the secretary-treasurer of the company, at which these officials insisted on its furnishing additional collateral to its loans. An employee of the bank, testifying from its records, stated that on August 15th it applied the entire sum to the credit of the fuel and supply company on its indebtedness to the bank not then due and closed its account. On August 17th, when three of the company's obligations became due, a bill of complaint was filed, under which a receiver of the company was appointed, and it is still in process of liquidation. On that day (August 17th), the bank returned the check for $3,688.29 to the defendant, and on August 20th he sent to the bank his check for the amount.

The bill of complaint herein was filed to enjoin the defendant from advertising and selling the property assessed for the payment of this tax. Plaintiff had decree, from which defendant has appealed.

The only dispute in the facts is as to the date on which the bank returned the check to the defendant. An employee of the bank who had no personal knowledge of the matter testified that the books of the bank showed that "it was charged on August 15, 1928." The check was produced by the defendant's attorney. Quoting from the record:

"The indorsements on the return slip attached to the check are as follows:
" '8–532–8/14. Pd. Bank Aug. 20–28. Deposited Aug. 14th. Ret. by bank Aug. 17th.' "

Neither the defendant nor any of his employees appeared as witnesses. The trial court found:

"On the 17th day of August, 1928, a receiver was appointed for the said United Fuel & Supply Com-

pany by the circuit court for the county of Wayne. Subsequently and on or about the 17th day of August, 1928, the bank returned this check to the defendant, who on August 20th paid to the bank the amount of the check and took it up."

When this check was deposited to the credit of the defendant and charged to that of the fuel and supply company, the money represented by it was, in legal effect, paid to him by the fuel company. The burden of showing that he was thereafter justified in repaying it to the bank was upon him.

While the statute (1 Comp. Laws 1929, § 339) provides that a check tendered for the payment of a tax shall not operate as such unless "it shall be paid on presentation," this check was paid when it was deposited by the treasurer and credited to his account and charged to the account of the fuel and supply company, there being then in this account a sum sufficient for the payment thereof. No claim is or could be made that the check was fraudulently issued, or that any mistake was made by an employee of the bank in the debiting or crediting of it.

The injustice of reinstating the tax after it had been paid is disclosed by the record. The property was owned by the plaintiff, and under lease to the fuel and supply company, with obligation on its part to pay the taxes thereon. But at the time of the payment an arrangement was made requiring it to pay a portion of the tax, which was fixed by the parties at $2,843.14. The plaintiff gave its check upon the same bank for this amount to the fuel and supply company, and that company deposited it in the bank on the same day (August 14th) that it gave its check to the defendant for the payment of the tax, and it was charged to plaintiff's account and credited to that of the fuel and supply

company. The effect of defendant's action is to require the plaintiff to pay this amount a second time.

The decree is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, NORTH, and FEAD, JJ., concurred with SHARPE, J.

POTTER, J. (*dissenting*). Plaintiff filed its bill of complaint in the Wayne circuit court, in chancery, to restrain defendant from selling its land for delinquent taxes and to cancel such taxes on the ground they were paid. From a decree for plaintiff, defendant appeals. It is not claimed the taxes were paid by plaintiff, but that they were paid for plaintiff. It is not claimed the taxes were paid in money, but it is claimed they were paid by check. Formerly taxes could only be paid in money, but in 1899 the statute was amended (1 Comp. Laws 1929, § 339) so they may now be paid by check. There are several decisions of this court involving the receipt by public officers of something besides money as payment. *Woodbury* v. *Lewis,* Walk. Ch. 256; *Elliott* v. *Miller,* 8 Mich. 132; *People, ex rel. Jones,* v. *Wright,* 34 Mich. 371; *Turnbull* v. *Township of Alpena,* 74 Mich. 621; *Moore* v. *Auditor General,* 122 Mich. 599; *City of Sault Ste. Marie* v. *Hotten,* 171 Mich. 265; *Sup'rs of Chippewa Co.* v. *Bennett,* 185 Mich. 544.

Public revenues are necessary to defray the cost and expense of government. The law contemplates their receipt in money. Payment by check authorized by Act No. 228, Pub. Acts 1899, 1 Comp. Laws 1929, § 339, is permitted for convenience. Delivery to and acceptance by a public officer of a check for taxes does not of itself constitute payment. It is payment only when the officer receives the money. In this case the city treasurer of Detroit was au-

thorized to accept the check of the United Fuel & Supply Company in payment of the taxes of plaintiff in question. If he as city treasurer received the money on such check it operated as payment of the taxes. If he did not receive the money thereon, it did not so operate. August 14, 1928, the United Fuel & Supply Company was insolvent. It owed the bank $1,121,000. It gave its check to the city treasurer of Detroit for the taxes in question. After the city treasurer presented this check for payment of the taxes in question at the bank, it was credited to his account, but on the same day an equivalent sum was charged back to him and the check later returned to him, as the last indorser thereof, unpaid. He then paid the bank the amount of the check and took it up. The city treasurer did not receive the money on the check; on the other hand, the amount of the check was charged back to the city treasurer and the amount on deposit to the credit of the United Fuel & Supply Company on the date the check was credited was confiscated by the bank and applied in payment of the past-due indebtedness of the United Fuel & Supply Company to the bank. Instead of the bank paying the city treasurer, it paid itself, the amount of the check of the United Fuel & Supply Company. The bank is not a party to this suit. The city treasurer is not bound to engage in controversy with the bank. It did not pay him and pay itself at the same time, the amount of the check. Bookkeeping is not payment. When an amount of money reaches the treasury of the city of Detroit equal to the amount of plaintiff's taxes due, in payment thereof, such taxes will be paid, but until the city treasurer of the city of Detroit receives the money in payment of such taxes they are not paid. Decree should be reversed, with costs, and bill dismissed.